UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEMARCUS LILLY,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2237** |
| **SUMMIT HOTEL PROPERTIES, INC.**<br>**AND NOLA LODGING, LLC**<br>    Defendants | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand[1] filed by Plaintiff, Demarcus Lilly ("Plaintiff"). Defendant Summit Hotel Properties, Inc. ("Defendant") filed an opposition.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

This case is a personal injury action originally filed in state court.[3] Plaintiff alleges he sustained injuries as a result of a slip and fall on October 1, 2024, while Plaintiff was staying as a hotel guest at the Canopy by Hilton New Orleans Downtown. On September 11, 2025, Plaintiff filed a Petition for Damages in Orleans Parish Civil District Court against Defendant and Nola Lodging, LLC ("Nola Lodging").[4] In his state court petition, Plaintiff sought damages for past and future physical pain and suffering, past and future mental pain and suffering, lost wages, loss of earning capacity, mental anguish, physical impairment and disability, past and future medical expenses, and loss of society.[5]

---

[1] R. Doc. 10.
[2] R. Doc. 13.
[3] R. Doc. 1-1.
[4] *Id.*
[5] *Id.* at p. 3.

1

On October 31, 2025, Defendant. removed this matter to federal court pursuant to 28 U.S.C. §§ 1441(a); §§§ 1446(a), (b), and (d); and § 1332. On November 5, 2025, this Court ordered Defendant to file an amended notice of removal to provide "summary-judgment type evidence" demonstrating the amount in controversy in this case exceeds $75,000.[6] Defendant timely filed its Amended Notice of Removal.[7]

On November 13, 2025, Plaintiff filed the present Motion to Remand.[8] In his supporting memorandum, Plaintiff argues that Nola Lodging was properly joined and served in this case at the time of removal and therefore, Defendant was required to obtain written consent from Nola Lodging before removal.[9] Plaintiff argues Defendant "failed to secure written consent from Nola Lodging" and as a result, this Court should remand this matter to state court. Defendant responds that Nola Lodging is not a proper defendant to this suit as it is inactive and has no agent for service of process listed with the Louisiana Secretary of State.[10]

## **LAW AND ANALYSIS**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the U.S. Constitution or by Congress.[11] A civil action over which federal courts have original jurisdiction may be removed to federal court unless expressly prohibited by another statute.[12]

---

[6] R. Doc. 3.
[7] R. Doc. 11.
[8] R. Doc. 10.
[9] *Id.* at 3.
[10] R. Doc. 13 at p. 2.
[11] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[12] 28 U.S.C. § 1441(a).

A common ground for removal is diversity jurisdiction.[13] When removal is based on federal diversity jurisdiction, 28 U.S.C. § 1332 requires the removing party to show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[14] Jurisdiction is decided at the time of removal.[15]

All defendants who have been properly joined and served in a case must consent to another defendant's removal.[16] However, "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."[17] In addition, a court need not consider the domicile of an improperly joined party for purposes of diversity jurisdiction.[18] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[19]

There is no dispute that the amount-in-controversy requirement of diversity jurisdiction is met, that Defendant is diverse from Plaintiff, or that removal was timely. Rather, Plaintiff argues Defendant did not obtain Nola Lodging's written consent before removing this action and failed to allege the citizenship of all members of Nola Lodging.[20]

Plaintiff argues he properly served Nola Lodging by serving his complaint on Amir N. Patel, the former manager and member of Nola Lodging, on October 30, 2025.[21] However, the Louisiana Secretary of State Website shows that NOLA Lodging is inactive

---

[13] *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 716 n.6 (5th Cir. 1975).
[14] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[15] *Id*. See *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (recognizing that subsequent events, such as a reduction in the amount in controversy, will generally not divest jurisdiction).
[16] 28 U.S.C. § 1446(b)(a)(A).
[17] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).
[18] *Jernigan v. Ashalnd Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993).
[19] See *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[20] R. Doc. 10-1.
[21] R. Doc. 10-1 at p. 2.

and that its last report was filed on September 20, 2021.[22] As a result, Nola Lodging has no agent for service of process and Plaintiff could not properly serve Nola Lodging.

In addition, the Louisiana Secretary of State's website reflects that Nola Lodging was converted to a Delaware LLC and changed its name to Summit NCI JV 184, LLC, on March 23, 2022.[23] This change occurred before the incident that is the subject of this suit, rendering Nola Lodging an improperly named and joined party. As a result, Defendant was not required to obtain Nola Lodging's written consent prior to removal.[24] Furthermore, because Nola Lodging is an improperly joined party, this Court need not consider the citizenship of Nola Lodging or its members for purposes of diversity jurisdiction.[25] As Plaintiff and Defendant are diverse and the amount in controversy exceeds $75,000, this Court may exercise diversity jurisdiction over this matter.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

**New Orleans, Louisiana, this 18th day of December, 2025.**

                                                  _____
                                                  **SUSIE MORGAN**
                                       **UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 13-1.
[23] *Id.*
[24] *Rico*, 481 F.3d at 239.
[25] *Jernigan*, 989 F.2d at 817.